UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WUHAN ZHONGXIN IMPORT & EXPORT COMPANY LTD, A Chinese Corporate Entity, <br><br> Plaintiff, <br><br> v. <br><br> TITAN ALLIANCE IMPORT & EXPORT CORP., A New York Corporation, and GARY CHEUNG, a New York resident, and HALIFAX OF PALISADE LLC, A New Jersey Limited Liability Company licensed to do business in New York, and JAEL SHIM a/k/a JERRY SHIM and d/b/a HALIFAX OF PALISADE LLC and d/b/a HALIFAX LLC and d/b/a HALIFAX DENIM LLC, a New Jersey resident. <br><br> Defendants. | Case No. 1:19-cv-05703-WFK-RML |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450

*Attorneys for Defendants*
*Titan Alliance Import & Export Corp.*
*and Gary Cheung*

**<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ................................................................................................................... 3

I.     PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR FRAUD SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH REQUISITE PARTICULARITY AND FOR FAILURE TO STATE A CLAIM ...................................................................................................... 4

    A.    Plaintiff Fails to Plead Fraud with Requisite Particularity under Rule 9(b) ...................... 4

    B.    Plaintiff Fails to State a Plausible Claim for Fraud Against Mr. Cheung .......................... 5

II.     PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH REQUISITE PARTICULARITY AND FOR FAILURE TO STATE A CLAIM .............................................. 8

    A.    Plaintiff Fails to Plead Fraud with Requisite Particularity under Rule 9(b) ...................... 8

    B.    Plaintiff Fails to State a Plausible Claim for Breach of Fiduciary Duty Against Mr. Cheung ............................................................................................................ 9

III.     PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR BREACH OF CONTRACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ........................................ 11

CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpha GmbH & Co. Schiffsbesitz KG v. BIP Indus. Co.*,
    25 A.D.3d 344 (1st Dep't 2006) ......................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................3

*Boley v. Pineloch Associates, Ltd.*,
    700 F. Supp. 673 (S.D.N.Y. 1988)................................................................................10

*Breslin Realty Associates v. Park Investments, Ltd.*,
    No. 91-cv-01614-TCP, 1991 WL 340576 (E.D.N.Y. Dec. 23, 1991) .......................................9

*Burkett v. Smith & Nephew GmbH*,
    No. 12-cv-04895-LDW-ARL, 2014 WL 1315315 (E.D.N.Y. Mar. 31, 2014).........................5

*Calvin Klein Trademark Trust v. Wachner*,
    123 F. Supp. 2d 731 (S.D.N.Y. 2000)...........................................................................10

*Chase Manhattan Bank, N.A. v. Keystone Distribs.*,
    873 F. Supp. 808 (S.D.N.Y. 1994).................................................................................11

*Churchill Fin. Cayman, Ltd. v. Paribas*,
    95 A.D.3d 614 (1st Dep't 2012) .....................................................................................7

*Citibank, N.A. v. K-H Corp.*,
    968 F.2d 1489 (2d Cir. 1992)......................................................................................7, 8

*Comfort Inn Oceanside v. Hertz Corp.*,
    No. 11-cv-01534-JG-JMA, 2011 WL 5238658 (E.D.N.Y. Nov. 1, 2011) .............................13

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994).............................................................................................6

*Gurvey v. Cowan, Liebowitz & Latman, P.C.*,
    No. 06-cv-01202-LGS-HBP, 2013 WL 3718071 (S.D.N.Y. July 15, 2013)...........................5

*Harsco Corp. v. Segui*,
    91 F.3d 337 (2d Cir. 1996)............................................................................................11

*Inter Impex S.A.E. v. Comtrade Corp.*,
 No. 00-cv-00133-GBD, 2004 WL 2793213 (S.D.N.Y. Dec. 6, 2004) ...................................12

*In re Jael Shim*,
 No. 20-bk-13268 (Bankr. D.N.J. Feb. 27, 2020) ...................................................................1

*In re Jael Shim*,
 No. 99-bk-37674 (Bankr. D.N.J. July 6, 1999)......................................................................6

*Loreley Fin. (Jersey) No. 3 v. Wells Fargo Sec. LLC*,
 797 F.3d 160 (2d Cir. 2015).................................................................................................4, 6

*Marina v. Adamo*,
 995 F. Supp. 2d 155 (E.D.N.Y. 2014) ...................................................................................9

*Matsumura v. Benihana Nat'l Corp.*,
 542 F. Supp. 2d 245 (S.D.N.Y. 2008)....................................................................................9

*In re Merrill Lynch Auction Rate Sec. Litig.*,
 851 F. Supp. 2d 512 (S.D.N.Y. 2012).....................................................................................3

*Minto v. Molloy Coll.*,
 No. 16-cv-00276, 2019 WL 4696287 (E.D.N.Y. Sept. 26, 2019) ...........................................11

*Muller-Paisner v. TIAA*,
 289 F. App'x. 461 (2d Cir. 2008) ..........................................................................................10

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,
 85 F. Supp. 2d 282 (S.D.N.Y. 2000)......................................................................................4

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Securities
 LLC*,
 568 F.3d 374 (2d Cir. 2009)...................................................................................................6

*Peterello v. White*,
 344 F. App'x 651 (2d Cir. 2009) ............................................................................................9

*Rombach v. Chang*,
 355 F.3d 164 (2d Cir. 2004)....................................................................................................9

*S. Cherry Street, LLC v. Hennessee Group LLC*,
 573 F.3d 98 (2d Cir. 2009).....................................................................................................3

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
 60 F. Supp. 3d 331 (E.D.N.Y. 2014) ...................................................................................8, 9

*Spinnato v. Unity of Omaha Life Ins. Co.*,
 322 F. Supp. 3d 377 (E.D.N.Y. 2018) ..................................................................................4

iii

*Sud v. Sud*,
    211 A.D.2d 423 (1st Dep't 1995) ..............................................................12

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank*,
    250 F.3d 87 (2d Cir. 2001)..........................................................................3

*Turner v. N.Y. Rosbruch/Harnik, Inc.*,
    84 F. Supp. 3d 161 (E.D.N.Y. 2015) (Kuntz, J.) .....................................3, 4

*Valentini v. Citigroup, Inc.*,
    837 F. Supp. 2d 304 (S.D.N.Y. 2011)......................................................12

**Statutes**

15 U.S.C. § 1681b(a)(3)(A), (F)(i) ....................................................................7

15 U.S.C. § 1681c(a)(1)......................................................................................6

**Rules**

Fed. R. Civ. P. 8...............................................................................................10

Fed. R. Civ. P. 9(b) ................................................................................ *passim*

Rule 12(b)(6)..............................................................................................4, 8, 10

## PRELIMINARY STATEMENT

Defendants Titan Alliance Import & Export Corp. ("Titan") and Gary Cheung ("Mr. Cheung," together with Titan, the "Titan Defendants") submit this Memorandum of Law in support or their motion, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint (the "First Amended Complaint" or "FAC," ECF No. 19) of Plaintiff Wuhan Zhongxin Import & Export Company Ltd. ("Plaintiff" or "Wuhan").

This matter arises from a straightforward set of facts involving Co-Defendants Jerry Shim ("Mr. Shim") and Halifax of Palisade LLC's (together with Mr. Shim, "Halifax") failure to pay Plaintiff for the goods that Plaintiff delivered to Halifax pursuant to various purchase orders. However, aware that Halifax is insolvent and that a bankruptcy filing was imminent, *see In re Jael Shim*, No. 20-bk-13268 (Bankr. D.N.J. Feb. 27, 2020), Plaintiff entangled the Titan Defendants—occasional intermediaries in the business relationship between Plaintiff and Halifax—in this litigation in an effort to recover its losses from any source. But because no viable claim exists against the Titan Defendants, each of Plaintiff's causes of action against them fails.[1]

Plaintiff's First Amended Complaint fails to state a cause of action against the Titan Defendants and should be dismissed for multiple reasons. First, with respect to Plaintiff's claims for fraud and breach of fiduciary duty, Plaintiff fails to plead with the requisite particularity as required by Fed. R. Civ. P. 9(b). Second, none of Plaintiff's causes of action state a viable claim against the Titan Defendants. Specifically, Plaintiff fails to state a claim for fraud because Plaintiff fails to plausibly allege justifiable reliance and damages as a proximate cause. Plaintiff also fails to state a claim for breach of fiduciary duty because Plaintiff fails to plausibly allege a fiduciary

---

[1] Plaintiff's original Complaint, filed October 9, 2019 ("Original Complaint," ECF No. 1) alleged unjust enrichment claims against the Titan Defendants. Original Complaint ¶¶ 86–98. Plaintiff has since dropped its unjust enrichment claim and now does not deny that its $148,109.98 was returned to Plaintiff by the Titan Defendants. FAC ¶ 69.

duty between Plaintiff and the Titan Defendants and proximate cause. Finally, Plaintiff fails to state a claim for breach of contract against the Titan Defendants because Plaintiff fails to plausibly allege the specific terms of a contract or Plaintiff's performance under the contract.

For all of these reasons, and as more fully set forth below, the instant motion should be granted and the First Amended Complaint against the Titan Defendants should be dismissed with prejudice.

## STATEMENT OF FACTS[2]

Plaintiff is a Chinese company which manufactures and sells garments. *See* FAC ¶¶ 2, 13. Mr. Cheung was familiar with both Plaintiff's and Halifax's businesses and introduced Plaintiff and Halifax in October of 2015. *See* FAC ¶¶ 13–14. Accordingly, the Titan Defendants often acted as intermediaries between Plaintiff and Halifax in delivering payment to Plaintiff for the goods Halifax purchased. *See* FAC ¶¶ 28–29.

In August of 2017, Plaintiff placed funds in the amount of approximately $148,109.98 in the Titan Defendants' account as an advance payment in order to facilitate production and delivery of goods from Bangladesh which were then to be delivered by Plaintiff to Halifax pursuant to a purchase order. FAC ¶¶ 43, 46–47. The anticipated transaction with the Bangladeshi vendor was eventually cancelled. *See* FAC ¶ 69. Although Plaintiff alleges that the advance payment was not returned (*id.*), the funds were in fact used to fund other transactions on behalf of Plaintiff according to Plaintiff's explicit instructions.

Halifax began to fall behind on payments in August 2017. FAC ¶ 52. Plaintiff ceased selling goods on credit to Halifax in late November 2017. FAC ¶ 55. As of the filing of the First

---

[2] Any summaries herein of background information and Plaintiff's allegations are for purposes of this motion only and do not constitute an admission by the Titan Defendants of any of the factual allegations against it or of any liability whatsoever on the part of the Titan Defendants to Plaintiff.

Amended Complaint, "[Halifax] owe[s] to Plaintiff $474,318.55 for the goods Plaintiff sold and deliveredo [sic] them and expenses incurred with respect to canceled orders." FAC ¶ 30.

## ARGUMENT

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, federal courts must accept as true "all 'well-pleaded factual allegations'" in the complaint and then "'determin[e] whether they plausibly give rise to an entitlement of relief.'" *S. Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98, 104 (2d Cir. 2009). However, "[f]actual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Moreover, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Where a plaintiff alleges a claim based on fraud, the plaintiff "must satisfy the more stringent pleading requirements of Rule 9(b), which demands that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Turner v. N.Y. Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 167 (E.D.N.Y. 2015) (Kuntz, J.) (quoting Fed. R. Civ. P. 9(b)). More concretely, this requires that the plaintiff "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001); *see also In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 533 (S.D.N.Y. 2012) ("In this Circuit, Fed. R. Civ. P. 9(b) requires that fraud allegations include the who, what, when, where and why of each statement alleged to be fraudulent"). Where the alleged fraud consists of an omission and the plaintiff is unable to specify the time and place

because no act occurred, the plaintiff must still allege "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000); *see also Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 398 (E.D.N.Y. 2018).

Although mental states may be alleged generally, "the complaint must 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Turner*, 84 F. Supp. 3d at 167 (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)); *see also Loreley Fin. (Jersey) No. 3 v. Wells Fargo Sec. LLC*, 797 F.3d 160, 171 (2d Cir. 2015).

As explained below, Plaintiff's fraud and breach of fiduciary duty allegations fail to satisfy the heightened pleading requirements of Rule 9(b) and all of Plaintiff's claims against the Titan Defendants fail to state a plausible claim and should be dismissed pursuant to Rule 12(b)(6).

I. **PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR FRAUD SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH REQUISITE PARTICULARITY AND FOR FAILURE TO STATE A CLAIM**

A. **Plaintiff Fails to Plead Fraud with Requisite Particularity under Rule 9(b)**

Far from naming the "who, what, where, when, and why" necessary to plead a fraud claim, Plaintiff fails to allege any specific misrepresentations made by the Titan Defendants to Plaintiff and fails to allege facts giving rise to an inference of fraudulent intent. Plaintiff makes the cursory allegation that in "October 2015 . . . Gary Cheung fraudulently misrepresented to Plaintiff that Jerry Shim had good credit." FAC ¶ 58; *see also* FAC ¶ 16. Plaintiff has not pled, *inter alia*: (i) the specific representation made (whether the alleged representation is that Mr. Shim had "good credit," that Mr. Shim had a specific credit score, or that Halifax never filed for bankruptcy is

4

never specified) and how it was fraudulent; (ii) when the representation was made; or (iii) where or through what medium the representation was made.

Similarly, the allegation that "Gary Cheung misrepresented to Plaintiff that he needed advance payment from Plaintiff in order to increase the bank credit of his own company," FAC ¶ 59, does not satisfy the requisite particularity because it does not sufficiently detail the content of the representation, when the statement was made, or where the statement was made. And with regards to the alleged misrepresentation that "Gary Cheung intentionally failed to inform Plaintiff" that "Halifax ha[d] not made any payments for the goods delivered to Halifax starting in August 2017," Plaintiff once again fails to plead the requisite context of the omission; there is no allegation of, *inter alia*, (i) representations made by Mr. Cheung to Plaintiff in the interim that omitted the fact of Halifax's default, (ii) whether immediate notification of Halifax's default was expected or whether any grace period applied, or (iii) the form or medium that such notice of Halifax's default was expected by Plaintiff or agreed upon by the parties. Plaintiff's failure to plead with the requisite particularity should result in dismissal. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06-cv-01202-LGS-HBP, 2013 WL 3718071, at *9 (S.D.N.Y. July 15, 2013) (finding a fraud claim futile where plaintiff provided no information as to "what the specific misrepresentations were, when such misrepresentations were made, or why they were false when made"); *Burkett v. Smith & Nephew GmbH*, No. 12-cv-04895-LDW-ARL, 2014 WL 1315315, at *7 (E.D.N.Y. Mar. 31, 2014) (finding a fraudulent misrepresentation claim to be inadequately plead because, *inter alia*, plaintiff failed to plead "when and how the omitted material information should or could have been revealed . . . as required under Rule 9(b)" (alterations in original)).

B.     **Plaintiff Fails to State a Plausible Claim for Fraud Against Mr. Cheung**

Assuming *arguendo* that Plaintiff has met the heightened pleading standard for fraud claims (which Plaintiff has not done), Plaintiff fails to state a plausible claim for fraud. "Under

New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Loreley*, 797 F.3d at 170 (citing *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009)). In addition, a plaintiff must show "loss causation," which in turn requires a showing of the often synonymous proximate causation. *Loreley*, 797 F.3d at 184–85. "To plead proximate cause, the complaint must allege that Plaintiffs' injury was a direct or reasonably foreseeable result of [the defendant's] conduct." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Securities LLC*, 568 F.3d 374, 381 (2d Cir. 2009). In determining proximate cause, "important considerations are the magnitude of the misrepresentations, the amount of time between the loan transaction and the loss, and the certainty with which the loss can be attributed to the defendant's conduct." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 770 (2d Cir. 1994).

1.  ***Plaintiff Fails to State a Claim for Fraud Based on Representations of Halifax's Credit Risk***

Plaintiff's fraud claim based on Mr. Cheung's alleged representations of Halifax's credit risk fail on numerous grounds. First, assuming that the alleged representation made to Plaintiff was that "Mr. Shim had good credit,"—which, again, has not been pled with specificity and is reason enough to dismiss this claim—Plaintiff has not made any allegation that this statement was false. *See* FAC ¶¶ 16–17, 58. Mr. Shim's bankruptcy was filed on July 6, 1999, over sixteen years before Mr. Cheung's alleged representation at an unknown date in October 2015. *See generally In re Jael Shim*, No. 99-bk-37674 (Bankr. D.N.J. July 6, 1999). A Chapter 7 filing does not necessarily prevent a debtor from being considered a "good credit" risk over sixteen years later. In fact, for consumer (i.e., individual) credit reports, credit reporting agencies may generally not report bankruptcies older than ten years. 15 U.S.C. § 1681c(a)(1).

Second, Plaintiff could not have justifiably relied on any alleged representation as to Mr. Shim's credit risk as Mr. Shim's bankruptcy filing was publicly and Plaintiff could have requested a credit report to verify Mr. Shim's credit risk independently. *See* 15 U.S.C. § 1681b(a)(3)(A), (F)(i). Absent a fiduciary relationship, which for reasons discussed below has not been plausibly alleged, a party cannot reasonably rely on a misrepresentation where the veracity of the representation was "discoverable using ordinary diligence." *See Churchill Fin. Cayman, Ltd. v. Paribas*, 95 A.D.3d 614, 614–15 (1st Dep't 2012); *cf. Alpha GmbH & Co. Schiffsbesitz KG v. BIP Indus. Co.*, 25 A.D.3d 344, 345 (1st Dep't 2006) (dismissing a defense of fraudulent concealment where the parties "were not in a confidential or fiduciary relationship, and the allegedly concealed information, plaintiff's insolvency and dissolution, were matters of public record that defendant could have discovered by the exercise of ordinary diligence"). Indeed, Plaintiff does not allege any steps it took to investigate Mr. Shim's credit risk, let alone ordinarily diligent steps such a checking public bankruptcy records or available credit reports.

Third, the Plaintiff has not alleged proximate causation of damages as a result of any alleged misrepresentation of Mr. Shim's credit risk. Even according to the facts as alleged by Plaintiff, Plaintiff and Halifax engaged in a successful relationship for almost two years after Mr. Cheung's alleged misrepresentation in October 2015. *See* FAC ¶¶ 18, 51. Plaintiff does not allege that Mr. Cheung's representation caused the relationship with Halifax to deteriorate two years later, but only that the purported misrepresentation caused Plaintiff to deal with Halifax in the first place. *See Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489, 1495–97 (2d Cir. 1992) (affirming dismissal of fraud claim under New York law where "[plaintiff] alleged that [defendants'] fraud induced it to extend credit to [third party]" but not how the fraud caused losses beyond making the "imprudent" loan). To the extent that "Plaintiff *eventually* suffered an injury," FAC ¶ 58 (emphasis

added), such injury was caused entirely by Halifax's conduct. In considering the magnitude of the non-particular alleged misrepresentation regarding Halifax's credit, the intervening two years where this representation caused only gains, and the attribution of the loss entirely to Halifax's conduct, Plaintiff has failed to allege proximate cause.

2.  ***Plaintiff Fails to State a Claim for Fraud Based on Representations Surrounding Halifax's Late Payments***

For the same reasons, Plaintiff's allegations of misrepresentations and omissions surrounding Halifax's late payments, FAC ¶¶ 59–61, fail to plausibly allege proximate cause. Plaintiff alleges that the Titan Defendants misrepresented the financial standing of Halifax in August 2017 and that this misrepresentation caused Plaintiff to sell goods on credit to Halifax that were never paid for. Again, Plaintiff's allegations go to factual cause and do not speak to proximate cause of how Mr. Cheung's alleged misrepresentations caused more than the making of an "imprudent" extension of credit. *K-H Corp.*, 968 F.2d at 1493. Furthermore, Plaintiff does not allege that Mr. Cheung was acting outside the scope of his authorization to use the $148,109.98 advance payment to maintain continuity of the business operations between Plaintiff and Halifax.[3] Plaintiff has failed to plausibly allege a claim of fraud and therefore this count should be dismissed.

II.  **PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH REQUISITE PARTICULARITY AND FOR FAILURE TO STATE A CLAIM**

A.  **Plaintiff Fails to Plead Fraud with Requisite Particularity under Rule 9(b)**

Generally, claims for breach of fiduciary are not subject to Rule 9(b)'s heightened pleading standard. *See Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 352 (E.D.N.Y. 2014). "Rule 9(b), however, does apply to a claim for breach of fiduciary duty when the claimed

---

[3] Although at this stage of the proceedings the Court must accept all of Plaintiff's well-pleaded facts as true and construed in the most favorable light of the Plaintiff, in fact, after Halifax began falling behind on its payments to Plaintiff, Mr. Cheung was expressly instructed by a representative of Plaintiff, Xiao Mei, to use the funds to pay open purchase orders in order to avoid a disruption in the production line.

breach rests upon the same allegations as a fraud claim." *Breslin Realty Associates v. Park Investments, Ltd.*, No. 91-cv-01614-TCP, 1991 WL 340576, at *5 (E.D.N.Y. Dec. 23, 1991). This is because Rule 9(b) "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *see also Schwartzco*, 60 F. Supp. 3d at 352.

As is clear from the face of Plaintiff's First Amended Complaint, the breach of fiduciary duty claim rests upon the exact same allegations as the fraud claim. *Compare* FAC ¶ 65 (breach of fiduciary duty) *with* FAC ¶¶ 58–61 (fraud). For the reasons explained above, Plaintiff's allegations do not meet the pleading requirements of Fed. R. Civ. P. 9(b). Thus Plaintiff's breach of fiduciary duty claim should also be dismissed. *See Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 252 & n.9, 256 (S.D.N.Y. 2008) (dismissing breach of fiduciary duty claim along with claims for fraud in the inducement, constructive fraud, or negligent misrepresentation pursuant to 9(b)).

**B.     Plaintiff Fails to State a Plausible Claim for Breach of Fiduciary Duty Against Mr. Cheung**

Assuming *arguendo* that Plaintiff has met the heightened pleading standard for fraud, Plaintiff fails to state a plausible claim for breach of fiduciary duty. "In order to state a claim for breach of fiduciary duty, a plaintiff must show (1) the existence of a fiduciary duty owing to him by the defendant; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff proximately caused by the breach." *Peterello v. White*, 344 F. App'x 651, 653 (2d Cir. 2009) (citing *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004)). A fiduciary relationship exists where "one person has reposed trust or confidence in the integrity and fidelity

of another who thereby gains a resulting superiority or influence over the first." *Marina v. Adamo*, 995 F. Supp. 2d 155, 201 (E.D.N.Y. 2014).

In alleging the existence of a fiduciary duty, "plaintiffs must allege at least some of the factors from which a court could conclude that such a relationship has been established." *Boley v. Pineloch Associates, Ltd.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) (dismissing a breach of fiduciary claim under Fed. R. Civ. P 12(b)(6) for failing to satisfy even Fed. R. Civ. P. 8 pleading standards). Such factors include "the nature of the relationship, whether or not the alleged fiduciary had or appeared to have unique or special expertise, whether the alleged fiduciary was aware of the use to which information would be put, and the purpose for which the information was supplied." *Muller-Paisner v. TIAA*, 289 F. App'x. 461, 465 (2d Cir. 2008). A conventional business relationship between arms-length commercial parties, however "without more, does not become a fiduciary relationship by mere allegation." *Calvin Klein Trademark Trust v. Wachner*, 123 F. Supp. 2d 731, 734 (S.D.N.Y. 2000) (quoting *Oursier v. Women's Interart Ctr., Inc.*, 170 A.D.2d 407, 408 (1st Dep't 1991)). "Nor can allegations of subjective intent substitute for an absence of objective manifestation of fiduciary obligation in the contracts in question." *Calvin Klein*, 123 F. Supp. 2d at 734 (citing *Northeast Gen. Corp. v. Wellington Advertising*, 82 N.Y.2d 158, 162 (1993)).

1. ***Plaintiff Fails to Allege a Fiduciary Relationship***

Plaintiff fails to allege factors showing the existence of a fiduciary relationship between Plaintiff and Mr. Cheung. Plaintiff claims that it "retained Gary Cheung as its agent to determine the credibility of the Buyers and to collect payments from the Buyers, and paid commissions to Gary Cheung for his services." FAC ¶ 64. There is no allegation that Mr. Cheung represented that he had unique expertise in determining the credit risk of Halifax (and, as described above, the information to verify the credit risk of Halifax was available to Plaintiff).

10

Indeed, Plaintiff alleges that "Gary Cheung contacted the Plaintiff, and introduced Halifax and Jerry Shim, as potential buyers, to Plaintiff" without any allegation that Mr. Cheung was under a duty to evaluate Halifax's credit risk prior to the introduction. FAC ¶ 15. Although Plaintiff makes a passing allegation that Mr. Cheung was a "broker," FAC ¶ 17, there is no allegation as to the particulars of that relationship that rose to the level of a fiduciary relationship. The only relevant allegation is that Mr. Cheung's collected payments from Halifax in exchange for a 6% commission, but such a relationship with Plaintiff is the type of commercial relationship that does not rise to the level of a fiduciary relationship. *Cf. Chase Manhattan Bank, N.A. v. Keystone Distribs.*, 873 F. Supp. 808, 816 (S.D.N.Y. 1994) ("[T]he fact that [defendant] was, by contract, a servicing and collection agent did not make it a fiduciary to [plaintiff].").

Because Plaintiff fails to allege facts establishing a fiduciary relationship, the first element of breach of fiduciary duty claim, Plaintiff's claim should be dismissed.

### 2. *Plaintiff Fails to Allege Damages as a Proximate Cause of a Breach*

For reasons described in Section I.B.1 above, Plaintiff fails to allege how the purported fraudulent misrepresentations that underlie Plaintiff's fraud claim and the breach of fiduciary claim proximately caused damages. Plaintiff's pleading is therefore insufficient on another element of the breach of fiduciary claim and that claim should be dismissed.

## III. PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR BREACH OF CONTRACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

To state a claim for breach of contract, a complaint must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "Additionally, to withstand a motion to dismiss, a breach of contract claim must allege the essential terms of the parties' purported contract in nonconclusory language, including the specific

provisions of the contract upon which liability is predicated." *Minto v. Molloy Coll.*, No. 16-cv-00276, 2019 WL 4696287, at \*12 (E.D.N.Y. Sept. 26, 2019) (citing *Anderson v. Greene*, 774 F. App'x 694, 697 (2d Cir. 2019)). In addition to the essential terms, the plaintiff must also set forth whether the alleged agreement was written or oral. *See Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't 1995) (citing *Bomser v. Moyle*, 89 A.D.2d 202, 204–05 (1st Dep't 1982) (granting leave to replead)).

The entire allegation regarding the purported contract between Plaintiff and the Titan Defendants is contained in two sentences in the First Amended Complaint,[4] where it is alleged that

> Defendants Gary Cheung and Titan Alliance received advance payment amount in $148,109.98 from Plaintiff on August 21, 2017, solely for the purpose of building a letter of credit for Plaintiff and Defendants' Bangladesh 400,000 T-Shirt order. The contract between Plaintiff and Gary Cheung and Titian Alliance is that Plaintiff cannot establish the letter of credit on its own.

FAC ¶ 69. Nowhere has the Plaintiff alleged the essential terms of the purported contract, let alone the term upon which the Titan Defendants' liability is based. Such a pleading failure warrants dismissal. *See, e.g.*, *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 327 (S.D.N.Y. 2011) (dismissing with leave to amend a breach of contract claim where plaintiff failed to provide what provisions of the agreement were breached). Furthermore, Plaintiff does not even allege—in a conclusory manner or any manner whatsoever—that it has performed its obligations under the purported contract with Titan Defendants. Indeed, Plaintiff's only allegation that it performed any contract is its conclusory allegation that it performed its contracts with Halifax—*not* the Titan Defendants. *See* FAC ¶¶ 83–84. Regardless of the Titan Defendants' participation in the relationship between Plaintiff and Halifax, without a contractual relationship between Plaintiff and the Titan Defendants there can be no claim for breach of contract. *See Inter Impex S.A.E. v.*

---

[4] This is only a slight expansion of the allegation of an agreement in the Original Complaint, which was completely non-existent. *See* Original Complaint ¶ 82.

*Comtrade Corp.*, No. 00-cv-00133-GBD, 2004 WL 2793213, at \*3–4 (S.D.N.Y. Dec. 6, 2004) (granting motion to dismiss because a plaintiff may not claim defendant breached a contract to which it was not a party).

Such a failure of Plaintiff to plead "performance of its own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded." *Comfort Inn Oceanside v. Hertz Corp.*, No. 11-cv-01534-JG-JMA, 2011 WL 5238658, at \*3 (E.D.N.Y. Nov. 1, 2011) (collecting cases dismissing breach of contract claims).  Accordingly the claim for breach of contract against the Titan Defendants should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the instant motion should be granted and the Court should dismiss the First Amended Complaint against Titan Defendants with prejudice along with such other and further relief as the Court deems just, proper, and equitable.

Dated: April 17, 2020
    New York, NY

**REED SMITH LLP**

By:    */s/ Nana Boyer*
        Nana Boyer
        599 Lexington Avenue
        New York, NY 10022
        Tel.: (212) 521-5400
        Fax: (212) 521-5450
        nboyer@reedsmith.com

        *Attorneys for Defendants*
        *Titan Alliance Import & Export*
        *Corp. and Gary Cheung*