UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WUHAN ZHONGXIN IMPORT & EXPORT
CO. LTD.,

              Plaintiff,

              v.                       **DECISION & ORDER**
                                           19-CV-5703 (WFK) (RML)

TITAN ALLIANCE IMPORT & EXPORT
CORP., *et al.*,

              Defendants.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** By First Amended Complaint filed on March 3, 2020, Plaintiff Wuhan Zhongxin Import & Export Co. Ltd. ("Plaintiff") brought this action against Defendants Titan Alliance Import & Export Corp. ("Titan"), Gary Cheung, Halifax of Palisade LLC ("Halifax"), and Jaeil Shim asserting claims for fraud, breach of fiduciary duties, breach of contract, fraudulent inducement, account stated, and unjust enrichment. First Am. Compl. ¶¶ 57–115, ECF No. 19 ("FAC"). Defendants Titan Alliance Import & Export Corp. and Gary Cheung (collectively, "Titan Defendants") now move to dismiss the claims against them. ECF No. 22. For the reasons stated below, Defendants' motion is GRANTED in its entirety.

## BACKGROUND

For the purposes of this Rule 12(b)(6) motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). The Court considers only "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quotation marks and internal alterations omitted).

Plaintiff manufactures and sells garments. FAC ¶ 13. Defendant Cheung is a lifetime friend of Plaintiff's principal, Mr. Cheng. *Id.* ¶ 14. In October 2015, Cheung introduced Defendants Shim and Halifax (collectively, "Buyers") to Plaintiff as potential buyers. *Id.* ¶ 15. Shim is the owner and managing member of Halifax. *Id.* ¶¶ 6, 31. Cheung told Plaintiff Buyers

1

had good credit and persuaded Plaintiff to sell garments to Buyers. *Id.* ¶ 16. Cheung did not disclose Shim's prior personal bankruptcy filing in 1999. *Id.* ¶ 17. Relying on Cheung's statements regarding the credit worthiness of Buyers, Plaintiff began selling garments to Buyers on credit in October 2015. *Id.* ¶ 18. Plaintiff retained Cheung as an agent to monitor the credibility of Buyers and to collect payments, for which Cheung received a 6% commission on all payments Plaintiff received from Buyers. *Id.* ¶¶ 19, 24.

In July 2016, Buyers started to delay payments to Plaintiff. *Id.* ¶ 25. Cheung repeatedly assured Plaintiff Buyers has good credit and would pay all arrears, so Plaintiff continued to sell garments to Buyers on credit. *Id.* ¶¶ 26–27.

Also in 2016, Cheung established Defendant Titan and asked Plaintiff to allow Titan to process payments made by Buyers for the purpose of increasing Titan's business credit. *Id.* ¶ 28. Plaintiff agreed, and after April 1, 2017, all transactions between Buyers and Plaintiff had to be processed through Titan. *Id.* ¶¶ 29, 38, 40. Buyers would submit payments to Titan, Titan would deduct the commission owed to Cheung, and transfer the remaining amount to Plaintiff. *Id.* ¶¶ 38, 41.

Beginning in June 2017, Halifax asked the help of Cheung and Plaintiff to place an order for 400,000 shirts in Bangladesh. *Id.* ¶ 43. Cheung asked Plaintiff to provide a sum of money as a deposit in Titan's bank account so Titan could issue a letter of credit for the shirt order. *Id.* ¶ 44. Cheung promised Plaintiff the lump sum would remain in Titan's bank account and would only be used in relation to the shirt order. *Id.* ¶ 45. Plaintiff agreed and transferred $148,109.98 to Titan on August 21, 2017. *Id.* ¶ 46.

Since August 2017, Buyers have not made any payment for Plaintiff's goods. *Id.* ¶ 49. Cheung did not inform Plaintiff of Buyer's default, but instead used the advance payment on the

2

shirt order to pay Plaintiff for the unrelated goods Plaintiff delivered to Buyers. *Id.* ¶¶ 50–51. Plaintiff did not know Buyers had defaulted until the advance payment was exhausted in November 2017. *Id.* ¶ 52. Plaintiff requested a return of the advance payment on November 15, 2017, but Cheung did not return the advance payment, alleging it has been used to pay for Plaintiff's goods. *Id.* ¶¶ 53, 56.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). In deciding a motion to dismiss, district courts must "assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). The Court must "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

The First Amended Complaint alleges causes of action for fraud and breach of fiduciary duty against Cheung and a cause of action for breach of contract against both Titan Defendants. FAC ¶¶ 57–70.[1] Titan Defendants seek to dismiss the causes of action against them, arguing: (1) with respect to the first two causes of action, fraud and breach of fiduciary duty against Cheung, Plaintiff fails to plead with requisite particularly and fails to state a claim upon which relief can be granted; and (2) with respect to the third cause of action for breach of contract against both Titan Defendants, Plaintiff fails to state a claim upon which relief can be granted. *See* Defs. Mem. at 4–13. By letter dated May 13, 2020, Plaintiff opposes the motion to dismiss. Pl.'s Ltr. in Opp. to Mot. to Dismiss, ECF No. 21 ("Pl. Opp. Ltr.").[2] For the reasons discussed herein, Titan Defendants' motion is granted in its entirety.

## I. Plaintiff Fails to Plead Fraud with Sufficient Particularity

As this Court has previously stated, "[w]here [p]laintiffs are alleging claims based on fraud, they must satisfy the more stringent pleading requirements of [Federal Rule of Civil Procedure] 9(b), which demands that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Turner v. N.Y. Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 167 (E.D.N.Y. 2015) (Kuntz, J.) (quoting Fed. R. Civ. P. 9(b)). "An

---

[1] The First Amended Complaint also contains the following causes of action against Defendants Shim and Halifax: (1) breach of contract; (2) fraudulent inducement; (3) account stated; and (4) unjust enrichment. FAC ¶¶ 71–115. Neither Shim nor Halifax has filed an Answer to the First Amended Complaint or otherwise appeared in this action, despite being served on October 17, 2019 and October 23, 2019, respectively. ECF Nos. 6, 7. Titan Defendants' memorandum of law in support of their motion to dismiss brings Shim's personal bankruptcy filing to the Court's attention. Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 1, ECF No. 23 ("Defs. Mem."). Shim filed for Chapter 7 bankruptcy protection on February 27, 2020, and received a discharge on June 5, 2020. *See In re Shim*, 20-BK-13268, ECF Nos. 1, 32 (Bankr. D.N.J.).
[2] The Court notes Plaintiff's letter is styled as one in opposition to leave to file a motion to dismiss, as opposed to an opposition to the motion itself. *See generally* Pl. Opp. Ltr. Titan Defendants argue the Court should treat the motion to dismiss as unopposed and grant it on that basis. Defs.' Reply in Further Supp. of Mot. to Dismiss at 3, ECF No. 24 ("Defs. Reply."). However, Plaintiff's letter specifically references Titan Defendants' motion to dismiss, Pl. Opp. Ltr. at 1, and therefore the Court will treat the letter as one in opposition to the motion to dismiss. The Court encourages Plaintiff's counsel to respond properly in the future.

affirmative misrepresentation claim must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 398 (E.D.N.Y. 2018) (Spatt, J.) (quoting *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012)). "If a plaintiff is alleging fraudulent concealment, he/she must specify: '(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud.'" *Id.* (quoting *Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 664–65 (S.D.N.Y. 2007) (Holwell, J.)). "Further, the complaint must 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Turner*, 84 F. Supp. 3d at 167 (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)) (internal alteration omitted).

Here, Plaintiff alleges three occurrences of fraud: (1) Cheung's October 2015 statement regarding Buyers' credit worthiness and omission of Shim's prior personal bankruptcy; (2) Cheung's August 2017 statement he needed advance payment from Plaintiff to increase the bank credit of Titan, when Cheung actually intended to use the advance payment to pay for Plaintiff's goods on Buyers' behalf; and (3) Cheung's intentional failure to inform Plaintiff about Buyers' payment defaults. FAC ¶¶ 58–61. Plaintiff fails to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b) with respect to each allegation and therefore the first cause of action must be dismissed.

### A. Cheung's October 2015 Statement

Plaintiff alleges "Gary Cheung fraudulently misrepresented to Plaintiff that Jerry Shim had good credit, which is not true because Gary knew or should have known Jerry Shim's prior history of bankruptcy filing." FAC ¶ 58; *see also id.* ¶¶ 16–17. This allegation is fatally flawed under the heightened pleading requirement of Rule 9(b). First, Plaintiff fails to plead with specificity the actual representation made. Plaintiff only states Cheung told Plaintiff Shim had good credit but fails to give any further detail as to the nature of the representation, such as whether Cheung stated Shim had a specific credit score or stated Shim had consistently made other payments on time. Second, Plaintiff fails to state how or why the statement was fraudulent. Shim filed for chapter 7 bankruptcy in 1999, *see id.* ¶ 17 (stating the bankruptcy docket number), sixteen years before the alleged misrepresentation. Plaintiff does not allege any facts to demonstrate Shim did not, in fact, have good credit at the time of Cheung's statement. Plaintiff also fails to provide any context surrounding Cheung's statement, including where and through what medium he made the representation.

### B. Cheung's August 2017 Statement

Plaintiff alleges "[i]n August 2017, Gary Cheung misrepresented to Plaintiff that he needed advance payment from Plaintiff in order to increase the bank credit of his own company, Titan Alliance. Gary Cheung's actual purpose was to use the advance payment to pay for the goods Plaintiff sold to the Buyers and to hide from Plaintiff the fact that the Buyers defaulted on payments." FAC ¶ 59. Plaintiff again fails to plead this allegation with sufficient particularity. Plaintiff does not specify the statements it alleges are fraudulent, nor does it detail where and through what medium Cheung made the representation.

### C. Cheung's Failure to Notify Plaintiff Regarding Buyers' Payment Defaults

Plaintiff alleges "[i]n August 2017, Gary Cheung knew the facts that Halifax have not made any payments for the goods delivered to Halifax starting in August 2017 and Gary Cheung intentionally failed to inform Plaintiff." FAC ¶ 60. This allegation falls well short of providing any context regarding the omissions, such as whether immediate notification of a payment default was even required or expected. Moreover, Plaintiff does not detail what Cheung obtained through the alleged fraud. The First Amended Complaint only alleges "Cheung knew that Plaintiff would continue to ship products to Halifax if he sends Plaintiff the payment." *Id.* Plaintiff does not allege how providing product to Halifax—products for which Cheung allegedly knew Halifax could not pay, depriving him of any commissions—benefitted Cheung.

Accordingly, as Plaintiff has failed to plead its allegations of fraud with sufficient particularity, Titan Defendants' motion to dismiss is GRANTED as to the first cause of action for fraud against Defendant Cheung.

### II. Plaintiff Fails to Plead Breach of Fiduciary Duty with Sufficient Particularity and Even Assuming It Does, It Fails to State a Claim for Breach of Fiduciary Duty

Plaintiff alleges it "retained Gary Cheung as its agent to determine the credibility of the Buyers and to collect payments from the Buyers, and paid commissions to Gary Cheung for his services." FAC ¶ 64. It alleges Cheung breached that fiduciary duty by (1) failing to inform Plaintiff of Shim's prior bankruptcy filing, (2) lying to Plaintiff as to his true purpose of the advance payment, and (3) hiding from Plaintiff Buyers' payment defaults beginning in August 2017. *Id.* ¶ 65. Plaintiff's claim fails.

Although claims for breach of fiduciary duty are ordinarily not subject to the heightened pleading standard contained in Rule 9(b), *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 352 (E.D.N.Y. 2014) (Spatt, J.), district courts in this Circuit have held "Rule

9(b)'s heightened pleading standards apply to breach of fiduciary duty claims where the breach is premised on the defendant's fraudulent conduct," *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 555 (S.D.N.Y. 2007) (Leisure, J.). As demonstrated in the First Amended Complaint, the factual allegations underlying Plaintiff's fraud claim and breach of fiduciary duty claim are the same. *Compare* FAC ¶¶ 57–62, *with* FAC ¶¶ 63–67. Therefore, for the reasons detailed in Section I above, Plaintiff fails to plead its breach of fiduciary duty claim with sufficient particularity and the claim must be dismissed.

Accordingly, Titan Defendants' motion to dismiss is GRANTED as to the second cause of action for breach of fiduciary duty against Defendant Cheung.

### III. Plaintiff Fails to State a Claim for Breach of Contract

In the third cause of action, Plaintiff alleges breach of contract against the Titan Defendants. FAC ¶¶ 68–70. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "To survive a motion to dismiss, a plaintiff must specifically allege the agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached." *Silverman v. Household Fin. Realty Corp. of N.Y.*, 979 F. Supp. 2d 313, 319 (E.D.N.Y. 2013) (Wexler, J.).

Plaintiffs details the purported contract as follows:

Defendants Gary Cheung and Titan Alliance received advance payment amount in $148,109.98 from Plaintiff on August 21, 2017, solely for the purpose of building a letter of credit for Plaintiff and Defendants' Bangladesh 400,000 T-Shirt order. The contract between Plaintiff and Gary Cheung and Titan Alliance is that Plaintiff cannot establish the letter of credit on its own. Therefore Gary Cheung would use the advance payment to get the letter of credit for their Bangladesh business.

FAC ¶ 69. This is plainly insufficient to meet the pleading standard for a breach of contract claim. Plaintiff fails to identify, *inter alia*, the essential terms of the purported contract and what provisions of the purported contract were breached. Therefore, Plaintiff's breach of contract claim cannot survive a motion to dismiss as currently pleaded.

Accordingly, Titan Defendants' motion to dismiss is GRANTED as to the third cause of action for breach of contract against both Titan Defendants.

## CONCLUSION

For the foregoing reasons, Titan Defendants' motion to dismiss, ECF No. 22, is GRANTED in its entirety. Defendants Gary Cheung and Titan Alliance Import & Export Corp. are dismissed from this action.

**SO ORDERED.**

*s/ WFK*
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2020
      Brooklyn, New York